IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JIM LESLIE, et al., §
 §
    Plaintiffs, §
 § Civil Action No. 3:07-CV-1582-D
VS. §
 §
TEXAS COLLEGIATE BASEBALL §
LEAGUE, LTD., et al., §
 §
    Defendants. §

MEMORANDUM OPINION
AND ORDER

Defendant's motion to dismiss presents the question whether the court in its discretion should consider a declaratory judgment action that largely duplicates an earlier-filed state court lawsuit. Concluding that the court should not consider the declaratory judgment action, the court dismisses this case without prejudice.

I

Defendant Texas Collegiate Baseball League, Ltd. ("TCBL") operates a summer wooden-bat collegiate baseball league.[1] Plaintiffs own, operate, and/or invest in several teams within the league. Last year, plaintiffs notified TCBL of their intent to withdraw their respective teams from the league. After negotiations failed, TCBL filed suit in state court (the "state

---

[1]TCBL is the only moving defendant. Plaintiffs' complaint also names defendants Texas Collegiate Baseball League, LLC, which is no longer in existence, and Harold Wayne Poage and Gerald Haddock, who allegedly served as its corporate officers.

action") alleging breach of contract, tortious interference with contract, and an illegal group boycott. TCBL also sought declaratory and injunctive relief to prevent plaintiffs from using certain trademarks and marketing techniques that TCBL allegedly developed. TCBL's claims in the state action rely exclusively on state law.

Plaintiffs later filed the instant suit in this court seeking a judgment under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that they did not breach or unlawfully terminate the contracts at issue. They also request a declaration that their conduct did not violate the Sherman Act, 15 U.S.C. §§ 1 and 2, and that their use of the marketing concepts and designs in question is protected by the Federal Copyright Act of 1976, 17 U.S.C. §§ 101-702 ("Copyright Act"), and the Lanham Act, 15 U.S.C. §§ 1051-1127. TCBL moves to dismiss this lawsuit pursuant to this court's discretion under the Declaratory Judgment Act.

II

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*,

947 F.2d 193, 194 (5th Cir. 1991).

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). It gives federal courts the competence to declare rights, but it does not impose a duty to do so. *See Public Affairs Assocs. v. Rickover*, 369 U.S. 111, 112 (1962) (per curiam). Although "the district court's discretion is broad, it is not unfettered." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). The court cannot dismiss a declaratory judgment action "'on the basis of whim or personal disinclination.'" *Id.* (quoting *Rowan Cos. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir. 1989)).

When considering whether to dismiss a declaratory judgment action while parallel state court proceedings are pending, a district court must "ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 495 (1942). The Fifth Circuit has identified three key aspects of this analysis—fairness, federalism, and efficiency—that are guided by several nonexclusive factors. *Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 388, 390-92 (5th Cir. 2003) (interpreting

factors set out in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)).

III

A

First, the court considers the fairness of maintaining this lawsuit, taking into account whether there are "possible inequities . . . in allowing the declaratory plaintiff to . . . change forums," whether plaintiffs have engaged in "forum shopping," and whether plaintiffs "filed suit in anticipation of a lawsuit filed by the defendant." *Id.* at 388, 391. The Fifth Circuit has clarified that the latter two questions speak solely to "improper and abusive" litigation practices, and that "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper[.]" *Id.* at 391.

TBCL contends that plaintiffs fabricated the federal-law questions in order to maintain a separate federal proceeding that would give them leverage in the settlement process. Although, if true, this may warrant dismissal of this case, the court need not determine plaintiffs' motive. Because, as the court discusses below, the concerns of federalism and efficiency are sufficient to warrant dismissal, the court will assume *arguendo* that plaintiffs have acted in good faith. Accordingly, the fairness factors will be regarded as neutral.

B

The court next addresses the concerns of comity and federalism. Among the factors to be considered are "whether there is a pending state action in which all of the matters in controversy may be fully litigated," whether "the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending," and whether the suit pending in federal court presents "federal law questions." *Sherwin-Williams,* 343 F.3d at 388, 390-92, 396.

Plaintiffs maintain that, despite the fact that the state action would resolve most of the issues presented in the instant case, comity and federalism favor retaining this separate action because federal-law questions—not presented in the state action—have been raised here. The court disagrees.

"If there is a pending related state proceeding but it is not 'parallel' because it does not involve all the same parties or issues, the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute[.]" *Id.* at 394 n.5. Here, both lawsuits derive from the same dispute and contain largely identical issues and parties. And as explained below, the new federal questions do not of themselves warrant encroaching upon the state court's authority to decide the dispute. *Cf. id.* at 396

(treating existence of federal-law questions as nondispositive factor).

First, as to plaintiffs' claim for a declaration of non-liability under the Sherman Act, TCBL stipulates that it will not pursue a Sherman Act claim. Moreover, a declaration of non-liability would require resolution of many (if not all) of the same issues that have been raised in the state action with respect to TCBL's state-law claim for an illegal group boycott.

Second, plaintiffs' claims based on the Copyright Act and the Lanham Act are essentially defenses to TCBL's state-law claim for injunctive and declaratory relief, and plaintiffs do not argue that these defenses are unavailable in the state action. Their decision not to raise their federal defenses in state court (or their failure to do so) suggests that the defenses are not important to the case, which in turn makes them less significant in the court's analysis. *See id.* ("If the federal law issue *is important to the case*, . . . and no state court case is pending, that weighs in favor of the federal court exercising its discretion to decide the declaratory judgment action.") (emphasis added). Furthermore, the strength and necessity of the federal-law defenses depend heavily on TCBL's contractual rights to the concepts and designs in question, an issue that is already in dispute in the state action. This weighs in favor of dismissal. *See Cash Money Records, Inc. v. Dorsey,* 2004 WL 1810696, at *5 (E.D. La. Aug. 12, 2004) (rejecting

argument that federal-law issues warranted retention of separate federal declaratory judgment action) ("Plaintiff's federal copyright claims are founded upon disputed contracts with defendant, and a declaration of copyright ownership would necessarily involve an adjudication of the validity of those contracts, which are controlled by state law, not federal law.").

Third, it is not controlling that plaintiffs have added Texas Collegiate Baseball League, LLC, which is no longer in existence, and Harold Wayne Poage and Gerald Haddock ("Haddock"), its alleged corporate officers, as defendants in this case. Assuming *arguendo* that these additional parties are necessary, plaintiffs do not suggest that they could not also be joined in the state action.[2]

Accordingly, the court concludes that concerns of comity and federalism favor dismissing this lawsuit.

C

Turning now to the efficiency factors, the court considers "whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve judicial economy[.]" *Sherwin-Williams,* 343 F.3d at 392.

In this case, the state-law issues appear to be identical to

---

[2]There is one other minor difference in party composition: Perennial Concepts Inc. ("Perennial") is a plaintiff in this action but was not joined by TCBL as a defendant in the state action. TCBL explains that this was because it believed Perennial to be insolvent at the time, and that it therefore joined Perennial's principals (Fred Britton and Stacy Hollinger) instead.

those raised in the state action. And as explained above, resolving the federal-law issues would largely (if not completely) depend on the resolution of state-law issues. Therefore, it would be a waste of judicial resources to maintain a separate declaratory judgment action in federal court while the state action is still pending. Judicial economy considerations thus weigh in favor of dismissal as well.[3]

* * *

Accordingly, considering all the relevant factors *in toto,* and in the exercise of its discretion, the court grants TCBL's February 19, 2008 motion to dismiss[4] and dismisses this lawsuit without prejudice.[5] Each party shall bear his or its respective taxable costs of court.

**SO ORDERED.**

April 3, 2008.

SIDNEY A. FITZWATER
CHIEF JUDGE

---

[3]The parties agree that neither forum is more convenient.

[4]In view of this disposition, the court need not decide Haddock's March 21, 2008 motion to dismiss.

[5]Although all defendants did not join TCBL's motion to dismiss, this order applies—for the same reasons—to the claims against them. Today's judgment—a dismissal without prejudice—does not prevent plaintiffs from bringing claims against these parties in state court or from refiling their claims against the other defendants in the event that, after resolution of the state action, a live controversy still exists that is subject to adjudication through a declaratory judgment action.